UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GARRETT RUSHING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:13-cv-00010-JMS-MJD |
| ) | |
| WARDEN CARAWAY, ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

Garrett Rushing is confined at a federal prison in this District serving the executed portion of a sentence imposed by the United States District Court for the Middle District of Louisiana. He has brought the present action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He relates in his petition that in the past two years he has been confined in various institutions, that his life has been threatened, and that he has been assaulted. He attributes these matters to improper custody and housing assignments within the Federal Bureau of Prisons. He seeks an order insulating him from danger from other inmates and an order requiring the FBI to investigate his concerns.

**B.**

AA necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or

treaties of the United States.@ *Rose vs. Hodges,* 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only Awhere the deprivation of rights is such that it necessarily impacts the fact or length of detention.@ *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. ' 2241. *Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 138-39 (7th Cir. 1995); *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991).

Garrett's habeas petition does not present claims affecting either the fact or duration of his confinement and thus those claims do not lie within the scope of available relief.

### C.

AFederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.@ *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons explained above, that is the appropriate disposition here. The petition for writ of habeas corpus filed by Garrett Rushing is denied and this action is summarily dismissed.

### II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  06/10/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Garrett Rushing
No. 10706-091
Terre Haute-USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808